## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Chapter 11 |
| HANS HOTEL MANAGEMENT, INC., *et al.*,[1] | ) Case No. 11-42120 (CAD) |
| Debtors. | ) Joint Administration Requested |

## **NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 25, 2011 at 10:00 a.m., the undersigned shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 742, Chicago, Illinois, and then and there present **Motion Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Scheduling Final Hearing; and (3) For Related Relief** a copy of which is attached hereto and herewith served upon you.

Dated:  October 20, 2011

HANS HOTEL MANAGEMENT, INC. AND
HANS HOTEL PROPERTY, LLC

By:

/s/ Matthew E. McClintock
    One of Their Attorneys

GOLDSTEIN & MCCLINTOCK LLLP
Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
David A. Hall, Esq.
One Magnificent Mile
980 North Michigan Ave., Suite 1400
Chicago, Illinois 60611
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Proposed Counsel for the Debtors and Debtors in Possession*

---

[1] The Debtors, along with the last four digits of each Debtor's FEIN number, are as follows:  (a) Hans Hotel Management, Inc. (8149) and (b) Hans Hotel Property, LLC (3571).

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| HANS HOTEL MANAGEMENT, INC., *et al.*,[1] | ) Case No. 11- 42120 (CAD) ) ) Joint Administration Requested |
| Debtors. | ) ) Hearing: October 25, 2011 at 10:00 a.m. |

**MOTION PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) SCHEDULING FINAL HEARING; AND (3) FOR RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), by and through their proposed undersigned counsel, hereby move this Court (the "*Motion*") for entry of an order pursuant to sections 361 and 363 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"): (1) authorizing them to use cash collateral pursuant to the budget attached as Exhibit A to the Proposed Interim Order attached hereto (the "*Budget*"); (2) scheduling a final hearing on the Motion; and (3) for other related relief as necessary. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, along with the last four digits of each Debtor's FEIN number, are as follows: (a) Hans Hotel Management, Inc. (8149) and (b) Hans Hotel Property, LLC (3571).

2. The statutory bases for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

1. On October 17, 2011 (the "*Petition Date*"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors operate a Sleep Inn & Suites hotel (the "*Hotel*"). The Hotel features 72 guest rooms, an indoor pool, and other amenities designed to ensure a relaxing and pleasant stay for Hotel guests (both business and recreational travelers). Hans Hotel Management, Inc. employs nine people (the "*Employees*") in connection with the operation of the Hotel.

3. Although the Hotel has historically been profitable, as with the hospitality industry generally, the Hotel's financial performance has suffered ever since the economic downturn that began in 2008. This has made it far more challenging to service the Debtors' secured indebtedness, which primarily consists of approximately $1.75 million owed to CapitalSource Bank ("*CapitalSource*") and $1.1 million owed to the U.S. Small Business Administration (the "*SBA*"; and together with CapitalSource, the "*Lenders*").

4. Despite the substantial challenges engendered by the economic downturn, for over two years the Hotel managed to remain substantially current on its obligations. In addition to creatively working to maximize revenues and minimize costs, its owners also stretched themselves to the breaking point to cover losses in the slowest months. In late 2010, however – at the end of the slow winter season – the Hotel defaulted on its obligations to the Lenders, and has since then engaged in negotiations over the terms of a long-term forbearance.

2

5. Unfortunately, negotiations with CapitalSource recently broke down, threatening a foreclosure which would almost certainly benefit nobody but Capital Source. The Debtors were thus forced to initiate the instant proceedings to preserve jobs and to allow the Hotel to continue operating while the Debtors work to refinance their indebtedness or otherwise restructure their operations to maximize the value of the Hotel for the benefit of creditors – including the SBA and the Debtors' trade creditors.

## DISCUSSION

### *The Need for Use of Cash Collateral*

6. The Lenders appear to assert security interests in cash or cash proceeds of other assets of the respective Debtors. The Debtors have an immediate need to use cash collateral (as that term is defined in section 363 of the Bankruptcy Code, the "*Cash Collateral*") of the Lenders in order to assure the orderly administration of their bankruptcy estates. Without use of the Lenders' Cash Collateral on a limited basis, the Debtors will not be able to pay their employees and other direct operating expenses. Inability to use the Cash Collateral on an interim basis (and later on a final basis) will likely result in an immediate cessation of the ongoing operations of the Debtors' businesses and will cause irreparable harm to the Debtors' estates. Put simply, the Debtors cannot continue operations and cannot continue their restructuring efforts absent use of the Cash Collateral. For this reason, this Motion is being presented on an interim basis.

### *Adequate Protection*

7. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without the consent of the secured party or court approval. As will further be demonstrated at the hearing on this Motion, regardless of whether the Lenders consent to the respective Debtors' use of Cash Collateral, the respective Lenders will be adequately protected for the reasons set forth below.

### A. Capital Source

8. *First*, Capital Source is adequately protected merely by the fact that it is substantially oversecured. CapitalSource is only owed approximately $1.75 million, and a recent appraisal of the Hotel – dated October 5, 2011 – valued the Hotel at $2.4 million.

9. In many cases, the existence of an equity cushion in existing collateral is sufficient in and of itself to provide adequate protection of a secured creditor's interest in property. *See, e.g., In re Megan-Racine Associates, Inc.,* 202 B.R. 660, 663 (Bankr. N.D. N.Y. 1996) ("[W]here there is a substantial value cushion there may be no need for additional protection"). Equity cushions of 20% or more have generally been found to be sufficient for adequate protection purposes. *See, e.g., In re Las Torres Dev., LLC,* 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009) (20% equity cushion is sufficient); *In re Nashua Trust Co.*, 73 B.R. 423 (Bankr. D. N.J. 1987) (50% is adequate); *In re Ritz Theatres*, 68 B.R. 256 (Bankr. M.D. Fla. 1987) (38% is adequate); *In re Dunes CasinoHotel*, 69 B.R. 784 (Bankr.D.N.J. 1986) (30% is adequate); *In re Helionetics*, 70 B.R. 433 (Bankr. C.D. Ca. 1987) (20.4% is adequate); and *In re Mellor*, 734 F.2d 1396 (9thCir. 1984) (20% is adequate). *In re Senior Care Props., Inc.*, 137 B.R. 527, 529 (Bankr. N.D. Fla. 1992) (creditor adequately protected by $530,000 equity cushion).

10. Here, Capital Source has a $650,000 or 37% equity cushion, substantially more than was found to constitute adequate protection in of the cases cited above. Moreover, as set forth in the Budget, the Debtors are projected to operate on a cash flow positive basis over the next 12 months, so the value of Capital Source's purported collateral should not be declining as a result of operations.[2] CapitalSource is adequately protected by virtue of its substantial equity cushion.

---

[2] In fact, even if the hotel was incurring some small losses, it would likely take years to threaten the substantial equity cushion that Capital Source currently enjoys.

11. *Second*, as additional adequate protection for Capital Source, each Debtor shall provide Capital Source, to secure payment of an amount equal to any diminution in value of Capital Source's collateral, and solely to the extent that CapitalSource had perfected and non-avoidable security interests in the Debtors' Cash Collateral prior to the bankruptcy filing, a security interest in and lien upon all assets of the Debtors and all hereafter-acquired personal property assets of the Debtors, of the same type and in the same type of collateral in which Capital Source held valid and perfected liens and security interests prior to the Petition date, as well as the proceeds, products, rents, and profits thereof, whether arising from section 552(b) of the Bankruptcy Code or otherwise, (*but not including any causes of action arising under the Bankruptcy Code*), senior to any other security interests, liens, or encumbrances, subject only to, in the following order of priority (a) valid, perfected, and enforceable prepetition liens which were senior to Capital Source's liens or security interests as of the Petition Date, (b) the payment of the United States Trustee's fees, pursuant to 28 U.S.C. § 1930, (c) the amount of professionals' fees and disbursements accrued as of the date of the termination of the Debtors' use of Cash Collateral.

12. Pursuant to section 361 of the Bankruptcy Code, replacement liens in the nature of those provided by the Debtors in this instance also serve as adequate protection. 11 U.S.C. § 361; *see also In re Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 220 n.9 (Bankr. D. Del. 1995) ("pursuant to Code § 361, 'adequate protection' to a secured creditor may be provided in the form of an additional or replacement lien"); *In re Scott*, 449 B.R. 535, 536 (Bankr. N. D. Ill. 2011) ("Adequate protection may be provided through cash payments, replacement liens, or some other relief . . . ").

**B. SBA**

13. The SBA will also be adequately protected during the bankruptcy filing, and in fact, the filing of the Debtors' chapter 11 cases was largely driven by a desire to maximize the value of the Debtors' assets for the benefit of the SBA and the Debtors' trade creditors (who would likely have seen little or nothing in a foreclosure scenario, but who stand to benefit in a reorganization).

14. Although the SBA should therefore have a strong interest in assuring the Debtors' continued operations, as additional adequate protection for the SBA, each Debtor shall provide the SBA, to secure payment of an amount equal to any diminution in value of the SBA's collateral, and solely to the extent that CapitalSource had perfected and non-avoidable security interests in the Debtors' Cash Collateral prior to the bankruptcy filing, a security interest in and lien upon all assets of the Debtors and all hereafter-acquired personal property assets of the Debtors, of the same type and in the same type of collateral in which the SBA held valid and perfected liens and security interests prior to the Petition date, as well as the proceeds, products, rents, and profits thereof, whether arising from section 552(b) of the Bankruptcy Code or otherwise, (*but not including any causes of action arising under the Bankruptcy Code*), senior to any other security interests, liens, or encumbrances, subject only to, in the following order of priority (a) valid, perfected, and enforceable prepetition liens which were senior to the SBA's liens or security interests as of the Petition Date, (b) the payment of the United States Trustee's fees, pursuant to 28 U.S.C. § 1930, (c) the amount of professionals' fees and disbursements accrued as of the date of the termination of the Debtors' use of Cash Collateral.

*Interim Approval of the Use of Cash Collateral Should Be Granted*

16. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 may not be commenced earlier than fifteen (15) days after the

6

service of such motion.  Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

17.     Pursuant to Bankruptcy Rule 4001(b), the Debtors request that the Court conduct a preliminary expedited hearing as soon as practicable to enter the Proposed Interim Order authorizing the Debtors to use Cash Collateral in an aggregate amount not to exceed the amounts set forth in the Budget attached to the Proposed Interim Order (subject to a 15% variance as set forth in the Proposed Interim Order) pending the final hearing.

18.     The ability of the Debtors to finance, through the use of Cash Collateral, their ongoing operations as they restructure their indebtedness and businesses for the benefit of all creditor constituencies is in the best interests of the Debtors, all their creditors, and their estates. The relief requested herein is necessary in order to avoid immediate and irreparable harm and prejudice to the estates and to all parties-in-interest in these Chapter 11 Cases.

19.     The Debtors have an urgent and immediate need to use Cash Collateral to continue to their business operations while they pursue the restructuring.  The Debtors' businesses will be immediately and irreparably harmed without authorization from the Court to use Cash Collateral, as requested, on an interim basis pending the final hearing, and the Debtors' restructuring efforts will be over.

20.     The interests of the respective Lenders in the Cash Collateral will be adequately protected pursuant to the Proposed Interim Order as discussed above.  Pending the final hearing, this Motion should be granted on an interim basis, on the terms set forth in the Proposed Interim Order, in order to maximize the value of the estates, and to prevent irreparable harm to the Debtors prior to the final hearing.

*<u>Request for a Final Hearing</u>*

21. Finally, pursuant to Bankruptcy Rule 4001(c)(2), the Debtors respectfully request that this Court set a date for the final hearing. The Debtors request that they be authorized to serve a copy of the signed Interim Order, which fixes the time and date for filing objections, if any, by first class mail upon the Lenders, the United States Trustee, the Debtors' twenty (20) largest creditors on a consolidated basis, and any party having filed a request to receive service in the Chapter 11 Cases. The Debtors request that the Court consider such notice of the final hearing to be sufficient notice under Rule 4001 of the Bankruptcy Rules.

## NOTICE

22. Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) the known secured lenders believed to assert security interests in the Debtors' cash (Capital Source and the SBA), (c) the Debtors' largest twenty (20) unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions, and (d) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that this Court (a) enter an Interim Order substantially in the form submitted herewith; (b) schedule a final hearing on the relief requested herein; and (c) grant such further relief as may be equitable and just.

Dated: October 20, 2011

HANS HOTEL MANAGEMENT, INC. AND
HANS HOTEL PROPERTY, LLC

By:

/s/ Matthew E. McClintock
    One of Their Attorneys

GOLDSTEIN & MCCLINTOCK LLLP
Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
David A. Hall, Esq.
One Magnificent Mile
980 North Michigan Ave., Suite 1400
Chicago, Illinois 60611
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Proposed Counsel for the Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HANS HOTEL MANAGEMENT, INC., *et al.*,[1] | ) Case No. 11-42120 (CAD) |
| | ) |
| | ) Joint Administration Requested |
| Debtors. | ) |
| | ) |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL IN WHICH CAPITALSOURCE BANK AND THE U.S. SMALL BUSINESS ADMINISTRATION ASSERT AN INTEREST

Upon the motion (the "*Motion*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order pursuant to sections 361 and 363 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"): (1) authorizing the Debtors to use cash collateral; (2) scheduling a final hearing on the Motion; and (3) for other related relief as necessary; notice of the Motion having been provided to the parties set forth in the notice paragraph of the Motion, including, without limitation, CapitalSource Bank ("*CapitalSource*") and the U.S. Small Business Administration (the "*SBA*"; and together with CapitalSource, the "*Lenders*"), and the Court having considered the offers of proof and the statements of counsel; and it appearing to the Court that granting certain limited relief on the terms and conditions herein contained is necessary and essential to enable the Debtors to continue to operate their business; and it appearing that the Lenders are adequately protected; and good cause appearing therefore, it is HEREBY ORDERED THAT:

---

[1] The Debtors, along with the last four digits of each Debtor's FEIN number, are as follows: (a) Hans Hotel Management, Inc. (8149) and (b) Hans Hotel Property, LLC (3571).

[2] Capitalized terms not defined herein shall have the meanings provided in the Motion.

1. The Court authorizes the Debtors to use Cash Collateral for the disbursements set forth in the budget (the "*Budget*") attached hereto as <u>Exhibit A</u>. The Debtors are and shall be authorized to use Cash Collateral exclusively for disbursements to the extent and in the amounts set forth in the Budget. The Debtors may use Cash Collateral in an amount equal to up to 15% more than a particular corresponding "category" in the Budget (*e.g.*, "rent," "phone," or "utilities"), measured on a cumulative, weekly basis, provided that Cash Collateral is available. In the event that expenses for a particular week in any expense category come in under the amount set forth in the Budget, such amounts shall roll forward and shall be available in future weeks and may be used by the Debtors to off-set any overages for that particular expense category for future weeks. In the event that a Lender consents, in writing, to the use of its Cash Collateral in a manner or amount which does not conform to the Budget (such use of Cash Collateral, a "*Non-Conforming Use*"), the Debtors shall be authorized pursuant to this Order to expend Cash Collateral for such Non-Conforming Use without further Court approval.

2. In addition to the Lenders' security interests, liens, rights, and other interests in and with respect to its collateral, as adequate protection for and to secure the payment of an amount equal to any diminution in the value of their collateral, and solely to the extent that each Lender had perfected and non-avoidable security interests in the Debtors' Cash Collateral prior to the bankruptcy filing, each Debtor hereby grants to its respective Lender(s) (and not to any Lender that is not currently in privity with a particular Debtor, *i.e.*, this Order does not authorize any "cross-collateralization"), security interests in and liens upon all the assets of the Debtors and all hereafter-acquired assets of the Debtors, of the same kind and nature, and in the same type of collateral in which each such Lender held valid and perfected liens and security interests prior to the bankruptcy filing, and the proceeds, products, rents, and profits thereof, whether

- 2 -

arising from Section 552(b) of the Bankruptcy Code or otherwise, (*but not including any causes of action arising under the Bankruptcy Code*), senior to any other security interests, liens, or encumbrances, subject only to, in the following order of priority (a) valid, perfected, and enforceable prepetition liens and interests which were senior or superior in right to the Lenders' respective liens or security interests as of the Petition Date; (b) the payment of the United States Trustee's fees, pursuant to 28 U.S.C. § 1930; and (d) the amount of professional fees and disbursements accrued but unpaid as of the date of termination of the Debtor's use of Cash Collateral.

      3.      This Order constitutes an interim order pursuant to Bankruptcy Rule 4001(b). A final hearing to consider the Motion and the relief sought therein shall be held on _____ ____, 2011 at ___:___ __.m. (the "*Final Hearing*") in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure.

      4.      The notice given by the Debtors of the Interim Hearing was given in accordance with Bankruptcy Rule 4001(c)(2). Within three business days after the Court's entry of this Order, the Debtors shall mail copies of this Order and notice of the Final Hearing to: (i) CapitalSource; (ii) the SBA; (iii) the United States Trustee; (iv) the Debtor's twenty (20) largest unsecured creditors as identified in its bankruptcy petition; and (iv) known holders of liens against any of the Debtor's assets. Any party-in-interest objecting to the relief sought in the Final Order shall submit any such objection in writing and file same with the Court and serve such objection upon counsel to the Debtors and the United States Trustee so as to be received by _____ __, 2011 at ___:___ __.m. Should no objections be timely filed by such date(s), a form of order substantially similar hereto may become a Final Order at or before the Final Hearing.

- 4 -

5. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Chicago, Illinois
Dated: _____, 2011

                                        United States Bankruptcy Judge

# Exhibit A

# SLEEP INN & SUITES
## Profit & Loss Budget Overview
### October 17, 2011 thru October 17, 2012

|  | Oct 17, 11 | Nov 11 | Dec 11 | Jan 12 | Feb 12 | Mar 12 | Apr 12 |
|---|---:|---:|---:|---:|---:|---:|---:|
| **Ordinary Income/Expense** | | | | | | | |
| **Income** | | | | | | | |
| 4200 · Room Rent | 35,000.00 | 65,500.00 | 62,000.00 | 60,500.00 | 68,500.00 | 73,000.00 | 77,000.00 |
| **Total Income** | 35,000.00 | 65,500.00 | 62,000.00 | 60,500.00 | 68,500.00 | 73,000.00 | 77,000.00 |
| **Gross Profit** | 35,000.00 | 65,500.00 | 62,000.00 | 60,500.00 | 68,500.00 | 73,000.00 | 77,000.00 |
| **Expense** | | | | | | | |
| 6000 · Accounting | 0.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 6005 · Automobile Expense | 150.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 6010 · Advertising | 0.00 | 350.00 | 100.00 | 451.00 | 451.00 | 451.00 | 451.00 |
| 6050 · Bank Charges | 200.00 | 360.00 | 360.00 | 125.00 | 125.00 | 125.00 | 125.00 |
| 6100 · CC Processing Fee | 0.00 | 1,050.00 | 1,050.00 | 1,050.00 | 1,050.00 | 1,050.00 | 1,050.00 |
| 6105 · Computer and Internet Expenses | 0.00 | 100.00 | 100.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| 6110 · CableTV Expense | 800.00 | 1,219.00 | 1,219.00 | 1,248.00 | 1,248.00 | 1,248.00 | 1,248.00 |
| 6160 · Dues & Subscriptions | 0.00 | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 |
| 6200 · Equipment Lease | 0.00 | 362.00 | 362.00 | 362.00 | 362.00 | 362.00 | 362.00 |
| 6250 · Franchise Fees | 0.00 | 7,000.00 | 6,500.00 | 6,500.00 | 7,500.00 | 7,500.00 | 8,000.00 |
| 6355 · Interest Expense | 0.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| 6360 · Insurance Expense | 0.00 | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 |
| 6400 · Janitorial & Cleaning | 0.00 | 0.00 | 100.00 | 150.00 | 150.00 | 0.00 | 150.00 |
| 6450 · Licenses & Permits | 0.00 | 0.00 | 250.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 6455 · Landscaping and Groundskeeping | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 60.00 |
| 6460 · Cleaning/Laundry | 0.00 | 1,500.00 | 1,100.00 | 1,500.00 | 1,800.00 | 1,800.00 | 1,800.00 |
| 6500 · Meals and Entertainment | 0.00 | 200.00 | 200.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| 6550 · Other Compensation | 0.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| 6570 · Other Expenses | 0.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 |
| 6590 · Office Supplies | 0.00 | 250.00 | 250.00 | 100.00 | 250.00 | 100.00 | 250.00 |
| 6600 · Payroll Expenses | 0.00 | 9,000.00 | 9,000.00 | 8,000.00 | 9,000.00 | 9,200.00 | 9,200.00 |
| 6635 · Professional Fees | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| 6640 · Printing and Reproduction | 0.00 | 50.00 | 50.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| 6645 · Postage and Delivery | 0.00 | 25.00 | 25.00 | 20.00 | 20.00 | 20.00 | 20.00 |

# SLEEP INN & SUITES
## Profit & Loss Budget Overview
### October 17, 2011 thru October 17, 2012

|  | Oct 17, 11 | Nov 11 | Dec 11 | Jan 12 | Feb 12 | Mar 12 | Apr 12 |
|---|---|---|---|---|---|---|---|
| **6660 · Repairs and Maintenance** | 0.00 | 2,000.00 | 5,000.00 | 2,000.00 | 6,500.00 | 6,500.00 | 10,000.00 |
| **6675 · Rent Expense** | 0.00 | 462.00 | 462.00 | 466.98 | 466.98 | 466.98 | 466.98 |
| **6700 · Supplies** | 0.00 | 1,200.00 | 1,200.00 | 2,100.00 | 2,000.00 | 4,000.00 | 2,000.00 |
| **6740 · Security** | 0.00 | 64.99 | 64.99 | 64.99 | 64.99 | 64.99 | 64.99 |
| **6745 · Small Tools and Equipment** | 0.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 |
| **6750 · Telephone Expense** | 0.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| **6755 · Tools** | 0.00 | 600.00 | 600.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **6760 · Taxes** | 17,000.00 | 80,000.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 18,000.00 |
| **6756 · Travel** | 0.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| **6800 · Utilities** | 2,000.00 | 4,500.00 | 3,000.00 | 4,100.00 | 5,250.00 | 7,050.00 | 5,250.00 |
| **Total Expense** | 22,150.00 | 123,418.99 | 61,618.99 | 60,398.97 | 68,398.97 | 72,098.97 | 73,158.97 |
| **Equity Contribution** |  | 45,000.00 |  |  |  |  |  |
| **Net Income** | $12,850.00 | -$12,918.99 | $381.01 | $101.03 | $101.03 | $901.03 | $1,841.03 |
| **Ending Cash Balance** | $14,000 | $1,081.01 | $1,462.02 | $1,563.05 | $1,664.08 | $2,565.11 | $4,406.14 |

# SLEEP INN & SUITES
## Profit & Loss Budget Overview
### October 17, 2011 thru October 17, 2012

|  | May 12 | Jun 12 | Jul 12 | Aug 12 | Sep 12 | Oct 17, 12 |
|---|---:|---:|---:|---:|---:|---:|
| **Ordinary Income/Expense** | | | | | | |
| **Income** | | | | | | |
| 4200 · Room Rent | 78,000.00 | 80,000.00 | 78,000.00 | 68,000.00 | 65,000.00 | 39,000.00 |
| **Total Income** | 78,000.00 | 80,000.00 | 78,000.00 | 68,000.00 | 65,000.00 | 39,000.00 |
| **Gross Profit** | 78,000.00 | 80,000.00 | 78,000.00 | 68,000.00 | 65,000.00 | 39,000.00 |
| **Expense** | | | | | | |
| 6000 · Accounting | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 150.00 |
| 6005 · Automobile Expense | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 165.00 |
| 6010 · Advertising | 451.00 | 451.00 | 451.00 | 451.00 | 451.00 | 250.00 |
| 6050 · Bank Charges | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 | 75.00 |
| 6100 · CC Processing Fee | 1,050.00 | 1,050.00 | 1,050.00 | 1,050.00 | 1,050.00 | 525.00 |
| 6105 · Computer and Internet Expenses | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| 6110 · CableTV Expense | 1,248.00 | 1,248.00 | 1,248.00 | 1,248.00 | 1,248.00 | 625.00 |
| 6160 · Dues & Subscriptions | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 | 65.00 |
| 6200 · Equipment Lease | 362.00 | 362.00 | 362.00 | 362.00 | 362.00 | 175.00 |
| 6250 · Franchise Fees | 8,000.00 | 8,500.00 | 8,000.00 | 7,500.00 | 6,500.00 | 3,400.00 |
| 6355 · Interest Expense | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| 6360 · Insurance Expense | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 | 2,311.00 |
| 6400 · Janitorial & Cleaning | 150.00 | 0.00 | 150.00 | 150.00 | 0.00 | 150.00 |
| 6450 · Licenses & Permits | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 |
| 6455 · Landscaping and Groundskeeping | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 0.00 |
| 6460 · Cleaning/Laundry | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 900.00 |
| 6500 · Meals and Entertainment | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 225.00 |
| 6550 · Other Compensation | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 500.00 |
| 6570 · Other Expenses | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 | 800.00 |
| 6590 · Office Supplies | 100.00 | 250.00 | 100.00 | 100.00 | 250.00 | 85.00 |
| 6600 · Payroll Expenses | 9,500.00 | 9,800.00 | 9,800.00 | 9,800.00 | 8,000.00 | 4,700.00 |
| 6635 · Professional Fees | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| 6640 · Printing and Reproduction | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| 6645 · Postage and Delivery | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 15.00 |

**SLEEP INN & SUITES**
# Profit & Loss Budget Overview
**October 17, 2011 thru October 17, 2012**

|  | May 12 | Jun 12 | Jul 12 | Aug 12 | Sep 12 | Oct 17, 12 |
|---|---:|---:|---:|---:|---:|---:|
| 6660 · Repairs and Maintenance | 12,000.00 | 10,000.00 | 12,000.00 | 4,500.00 | 5,000.00 | 2,000.00 |
| 6675 · Rent Expense | 466.98 | 466.98 | 466.98 | 466.98 | 466.98 | 330.00 |
| 6700 · Supplies | 2,100.00 | 4,000.00 | 2,100.00 | 2,000.00 | 1,500.00 | 1,500.00 |
| 6740 · Security | 64.99 | 64.99 | 64.99 | 64.99 | 64.99 | 35.00 |
| 6745 · Small Tools and Equipment | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 18.00 |
| 6750 · Telephone Expense | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 150.00 |
| 6755 · Tools | 1,000.00 | 1,000.00 | 1,000.00 | 800.00 | 1,000.00 | 500.00 |
| 6760 · Taxes | 18,000.00 | 18,000.00 | 18,000.00 | 17,500.00 | 17,500.00 | 8,500.00 |
| 6756 · Travel | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 6800 · Utilities | 5,250.00 | 7,050.00 | 5,250.00 | 5,250.00 | 5,250.00 | 2,700.00 |
| **Total Expense** | 75,408.97 | 77,908.97 | 75,708.97 | 66,908.97 | 64,308.97 | 38,484.00 |
| **Equity Contribution** |  |  |  |  |  |  |
| **Net Income** | $2,591.03 | $2,091.03 | $2,291.03 | $1,091.03 | $691.03 | $516.00 |
| **Ending Cash Balance** | $6,997.17 | $9,088.20 | $11,379.23 | $12,470.26 | $13,161.29 | $13,677.29 |